1  STANLEY L. GIBSON (047882)
   JEREMY G. ZEITLIN (287962)
2  GIBSON ROBB & LINDH LLP
   201 Mission Street, Suite 2700
3  San Francisco, California 94105
   Telephone: (415) 348-6000
4  Facsimile: (415) 348-6001

5  Attorneys for Plaintiffs
   Commercial Metals Company and
6  Zurich American Insurance Company

FILED

2013 AUG -8 P 1: 28

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 COMMERCIAL METALS            Case No. CV 13 3681
   COMPANY, a corporation; and
11 ZURICH AMERICAN INSURANCE    ADMIRALTY-MARITIME
   COMPANY, a corporation;      COMPLAINT FOR NON-DELIVERY
12                              OF OCEAN CARGO

13          Plaintiffs,

14              v.              ($34,217.43)

15 DAEBO SHIPPING CO., LTD., a
   foreign corporation, *in personam;*
16 DAEBO INTERNATIONAL
   SHIPPING CO., LTD., a foreign
17 corporation, *in personam;* and M.V.
   FATHER NEPTUNE, her machinery,
18 tackle, and engines, etc., *in rem;*

19          Defendants.

20

21    Plaintiffs' complaint follows:

22    1.    Plaintiffs COMMERCIAL METALS COMPANY ("CMC") and

23 ZURICH AMERICAN INSURANCE COMPANY ("ZURICH") are now and at all

24 times herein material were corporations duly organized and existing by virtue of

25 law. Plaintiff CMC was the owner of the hereinafter described shipment and

26 plaintiff ZURICH was the insurer of said shipment.

27    2    Plaintiffs are informed and believe and on the basis of that

28 information and belief allege that DAEBO SHIPPING CO., LTD. and DAEBO

1 INTERNATIONAL SHIPPING CO., LTD. (known collectively as "DAEBO"),
2 foreign corporations, are now and at all times herein material were engaged in
3 business as common carriers of goods for hire in the United States and within this
4 judicial district.

5     3.    The defendant vessel, M.V. FATHER NEPTUNE, Call Sign 3FSJ6,
6 IMO 9430818, is a Panamanian flagged vessel of 31,229 tons gross, more or less,
7 and is now or during the currency of process herein will be within the waters in the
8 jurisdiction of this Honorable Court.

9     4.    Plaintiffs' complaint is for shortage of cargo carried under a bill of
10 lading, arising under a statute of the United States, namely the Carriage of Goods
11 of Sea Act, 46 U.S.C. 30701 et seq., and is therefore within the jurisdiction of this
12 Court pursuant to 28 U.S.C. § 1331, and to enforce a maritime lien under Rule C,
13 as more fully appears herein. Additionally, the Court has admiralty jurisdiction
14 pursuant to 28 U.S.C. § 1333. Venue is proper under 28 U.S.C. § 1391(b).

15     5.    This is a cause of action for damage to ocean cargo, and is an
16 admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of
17 Civil Procedure, as hereinafter more fully appears.

18     6.    Plaintiffs are informed and believe and on the basis of such
19 information and belief allege, that on or about August 10, 2012, defendant
20 DAEBO and defendant vessel, M.V. FATHER NEPTUNE, received a cargo of
21 newly produced ERW Casings, for carriage under bills of lading numbers
22 DISQMNHT2902805, DISQMNHT2902806, DISQMNHT2902808, and
23 DISQMNHT2902810 and others, issued by and/or on behalf of said defendants.
24 Defendant DAEBO and defendant vessel agreed, under contracts of carriage and
25 in return for good and valuable consideration, to carry said cargo from Manila,
26 Philippines, to Houston, Texas, and there deliver said cargo to the lawful holder of
27 the aforementioned bills of lading, and others, in the same good order, condition,
28 and quantity as when received.

1    7.    Thereafter, in breach of and in violation of said agreements,
2 defendant DAEBO and defendant vessel M.V. FATHER NEPTUNE, did not
3 deliver said cargo in the same good order, condition, and quantity as when
4 received in Manila. To the contrary, defendant DAEBO and defendant vessel
5 delivered the cargo 80 ERW Casings short. The reasonable value of the non-
6 delivered cargo was $34,217.43.

7    8.    Prior to the shipment of the herein described cargo and prior to any
8 loss thereto, plaintiff ZURICH issued its policy of insurance whereby plaintiff
9 ZURICH agreed to indemnify CMC of said cargo and its assigns against loss of or
10 damage to said cargo while in transit, and plaintiff ZURICH has heretofore
11 become obligated to pay and has paid to the person entitled to payment under said
12 policy the sum of $34,217.43, on account of the herein described loss.

13    9.    Plaintiff ZURICH has therefore been damaged in the sum of
14 $34,217.43, no part of which has been paid, despite demand therefor.

15    WHEREFORE, plaintiffs pray that process in due form of law and
16 according to the practice of this Honorable Court may issue against the defendant
17 vessel, her engines, tackle, machinery, equipment, etc., that she be condemned and
18 sold to pay any judgment rendered herein, and that all persons having any interest
19 in said vessel be required to appear and answer under oath the matters aforesaid;
20 that summons may issue against the defendants; that this Court decree payment by
21 defendants, and each of them, to plaintiffs of the aforesaid damages, together with

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1  prejudgment interest thereon and costs of suit herein; and that plaintiffs have such

2  other and further relief as in law and justice it may be entitled to receive.

3  DATED: August 8, 2013                    Respectfully submitted,

4                                           GIBSON ROBB & LINDH LLP

5

6                                           By:

7                                           Jeremy G. Zeitlin
                                            Attorneys for Plaintiffs
8                                           Commercial Metals Company and
                                            Zurich American Insurance Company
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADMIRALTY-MARITIME COMPLAINT FOR NON-DELIVERY OF OCEAN CARGO, 5500.80                    4